**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 30, 2012

Stephen F. Shea, Esq.
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Alex S. Gordon, AUSA
36 S. Charles Street 4th Floor
Baltimore, MD  21201

> **Re: Erin Taylor Yates v. Michael J. Astrue, Commissioner of Social Security, PWG-09-3394**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Erin Yates' claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 6,11,19). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.   For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Ms. Erin Yates (sometimes referred to as "Claimant" or "Ms. Yates") applied for DIB on May 30, 2007, alleging that she was disabled as of November 1, 2006, due to severe memory loss, vertigo, and headaches. (Tr. 17, 196). Her claim was denied initially and upon reconsideration. (Tr. 67-72).   After a hearing held on June 7, 2002, before Administrative Law Judge, Edward J. Banas ("ALJ") Ms. Yates' claim was denied.  The ALJ concluded in a decision dated November 5, 2008, that Ms. Yates retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work and that although she was precluded from performing her past relevant work ("PRW"), there were jobs in the national and local economies that Ms. Yates could perform.  Accordingly, the ALJ found that she was not disabled.(Tr. 15-25). On May 13, 2009,

the Appeals Council denied Ms. Yates' request for review, making her case ready for judicial review. (Tr. 4-7).  Ms. Yates presents several arguments in support of her contention that the Commissioner's final decision should be reversed or, in the alternative, remanded.

First, she argues that the ALJ erred in determining her RFC by failing to adequately consider her mental limitations. Claimant argues that the ALJ was required, but failed, to make a sufficiently detailed assessment of her ability to perform the mental demands of work.  I disagree.  The ALJ adequately documented his findings with reference to 20 CFR §404.1520a, which requires ALJ's to follow a special technique when mental impairments are alleged.(Tr. 20).  Furthermore, despite Claimant's argument to the contrary, it is apparent that the ALJ considered the Mental Residual Functional Capacity Assessment completed by Dr. Aaron Suansilppongse --Exhibit 9F.  The ALJ discussed the doctor's opinions in his decision and adopted many of the limitations contained therein when determining Ms. Yates's RFC.  For example, the ALJ found that Ms. Yates had the mental capacity for simple work related activity, but that she had moderate limitations in   concentration, persistence and pace.  (Tr. 20, 19, 313, 317).

Claimant also argues that all of her mental limitations were not adequately reflected in the hypothetical the ALJ presented to the VE.  In particular, Claimant argues that the ALJ should have included plaintiff's deficiencies of concentration, persistence and pace, and her moderate limitation in her abilities to: understand and remember detailed instructions; complete a normal workday or workweek without interruptions from psychologically-based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods.  *See* Plaintiff's Memorandum, p. 8-9. The Commissioner argues that the hypothetical the ALJ presented to the VE was properly based upon all the limitations he accepted as credible.

After review of the record and the ALJ's decision, I find that the ALJ sufficiently discussed the medical evidence he considered and relied upon in determining Ms. Yates' RFC for less than a full range of sedentary work and that the limitations included in the questions presented to the VE are supported by the record. The ALJ found Ms. Yates' capacity for the full range of sedentary work was diminished by an inability to be exposed to hazards such as heights, moving machinery and

dangerous implements. The ALJ also found Ms. Yates was limited to simple, routine, tasks and work that was not fast paced. (Tr. 21). For example, the ALJ's hypothetical recognized Ms. Yates' deficiencies in concentration, and included her ability to perform no more than simple tasks. The ALJ's question also included a limitation that the hypothetical person could have no exposure to hazards. (Tr. 19, 63).  These limitations are supported by the mental residual functional capacity assessments discussed by the ALJ in his decision. (Tr. 313).  In sum, the hypothetical presented to the VE with the limitations the ALJ described are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)).

Claimant also argues that the ALJ's reliance on VE testimony was improper because all of the occupations identified by the VE were "outside the range of work" that Claimant was capable of performing. *See* Plaintiff's Memorandum p. 9. For the reasons that follow, I disagree.

The jobs the VE identified as being within Claimant's abilities were an information clerk and a security monitor. (Tr. 63-64).  Attached as an Exhibit to Claimant's Memorandum were DOT job descriptions for 237.367-022 information clerk and 379.367-010 surveillance system monitor. (ECF No. 11).  These two enumerated job descriptions were not specifically identified by the VE at the hearing.  Assuming, however, that these were the jobs the VE referred to, I am not persuaded by Claimant's argument that she is not able to perform either of these jobs on the basis that they have reasoning levels of 4[1] and 3[2] respectively.  There is no evidence that Ms. Yates is limited solely to jobs that have a Reasoning "Level of 2", as she contends.

The DOT reasoning levels refer to informal and formal levels of education required for satisfactory job performance. DICOT, App. C.  "Level 2" reasoning skills are defined as the

---

[1]Level 4 requires an ability to apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists.
[2]Level 3 reasoning skills jobs require an ability to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations.  DICOT 544.582-010.

skills to apply "commonsense understanding to carry out detailed but uninvolved written or oral instructions, deal with problems involving few concrete variables in or from standardized instructions." DICOT 503.685-014.  The evidence in this case simply does not support Claimant's argument that she is limited to jobs with a level 2 reasoning level. Rather the pertinent evidence, including Dr. Lawrence Moldauer's report, shows that Claimant completed 11th grade, and after testing it was determined that she functions at the upper end of borderline intellect.  Dr. Moldauer also found that Ms. Yates' memory testing did not show any deficits. (Tr. 325).

The ALJ's reliance on the VE testimony is supported by substantial evidence. The ALJ asked the VE whether there was any conflict between his testimony and the DOT. The VE explained that the information clerk is described in the DOT as a government job but that the job he was referring to meant to include the private sector as well. (Tr. 64).  Furthermore the VE described the information clerk job as requiring one to sit at a desk and just "check people going in and out" and further explained that it was not "any type of security job where someone would have to be apprehended." (Tr. 63-64).  This evidence  supports a finding that Claimant can perform work with a level 3 reasoning i.e., work that requires "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form...and[d]eal with problems involving several concrete variables in or from standardized situations". *See* FN. 2 *infra*.

Even if were I to assume, for the sake of argument, that the job of information clerk was beyond Claimant's reasoning level, the second job identified by the VE i.e., surveillance system monitor, is a job with an SVP of 2, which by definition, is within the range of unskilled work.

Finally, Claimant argues that the ALJ failed properly to assess her credibility and complaints of pain. However, after review of the ALJ's decision and the record, I find this argument without merit.  The ALJ fully and adequately explained his credibility determination. *See* SSR 96-7p.[3]  In determining

---

[3] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence**, the individual's statements about symptoms, statements and other information provided by**

Claimant's credibility and the impact that her alleged impairments had on her ability to work, the ALJ noted Ms. Yates' testimony and reports of daily activities. (Tr. 22). However, the ALJ's inquiry did not end there. The ALJ also considered the records from Claimant's treating physicians, the medications she is taking, and explained in sufficient detail why he found Ms. Yates' subjective complaints not wholly credible. (Tr. 22). In sum, these factors, were appropriately considered, and they provide substantial support for the ALJ's conclusion.

Thus, for the reasons given, this Court DENIES Ms. Yates' Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

Sincerely,

/s/

Paul W. Grimm
United States Magistrate Judge

---

**treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight.** (1996 WL 374186 *1-*2) (emphasis added).